IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| DELTA NATURAL KRAFT, LLC, | ) | CASE NO. 5:09CV0217BSM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **STIPULATED PROTECTIVE ORDER** |
| GRAPHIC PACKAGING | ) | |
| INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

The parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1. **Scope.** All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents") shall be subject to this Order concerning confidential information as set forth below. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY designation. Documents shall be designated CONFIDENTIAL – SUBJECT TO

PROTECTIVE ORDER or ATTORNEYS' EYES ONLY prior to or at the time of the production or disclosure of the documents. The designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents Which May Be Designated.** Any party may designate documents as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY.

4. **Challenges to Designations.** Any party shall have the right, at any time, to challenge a CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY designation for any information the party believes was inappropriately designated. The party seeking a modification shall confer with the producing party to determine whether the matter can be resolved by agreement. This obligation to attempt to resolve discovery disputes by agreement before they are brought to the Court applies to any and all discovery disputes that arise under any other paragraph or otherwise in connection with this Order. If the parties cannot resolve the designation by agreement, the party making the designation has the burden to seek a protective order from the Court. As long as the party seeking to maintain the challenged designation seeks an order promptly (that is, except in unusual circumstances or when the parties stipulate otherwise, within 20 days of

the challenge) the parties must treat the information in accordance with its designation until there is a ruling from the Court.

      5.      **No Waiver of Existing Rights.**  Nothing in this Order shall be deemed a waiver of any right any Party might otherwise have (1) under the doctrines of attorney-client privilege, attorney work product, or any other privilege, or (2) to the authentication of admissibility of any document.

      6.      **Depositions.**

      (a)      Deposition testimony shall be deemed CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY only if designated as such.  The parties may orally designate on the record testimony during a deposition or may have thirty (30) days following the receipt of a deposition transcript to designate any portion thereof as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY.  Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY.  The deposition transcript shall be treated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER until the earlier of a subsequent designation or expiration of the thirty (30) day period.  Thereafter, the deposition transcripts and any of those portions so designated shall be protected as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY pending objection under the terms of this Order.

      (b)      If testimony or documents designated ATTORNEYS' EYES ONLY is discussed or disclosed in a deposition, the producing party shall have the right to exclude from attendance at the deposition, during such time as the protected information is to be discussed or disclosed, any person not identified in Paragraph 7(c) of this Order.

7.     **Protection of Confidential Material.**

(a)     **General Provisions.**  Documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY under this Order shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in this section for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

(b)     **Disclosure of Material Designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."**  The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (b)(1)-(b)(5).  Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.

(1)     **Counsel.**  Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

(2)     **Parties.**  Parties and employees of a party to this Order;

(3)     **Court Reporters and Recorders.**  Court reporters and recorders engaged for depositions;

(4)     **Consultants, Investigators, and Experts.**  Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsels for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

(5) **Others by Consent.**  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.  All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(c)  Disclosure of Material Designated "ATTORNEYS' EYES ONLY."**  The outside counsel for the parties shall not disclose or permit the disclosure of any ATTORNEYS' EYES ONLY documents to any party, third person or entity except as set forth in subparagraphs (c)(1)-(c)(5).  Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated ATTORNEYS' EYES ONLY.

**(1)**   Outside **Counsel.**  Outside counsel for the parties and employees and agents of outside counsel who have responsibility for the preparation and trial of the action;

**(2)   In-house Counsel.**  In-house counsel for the parties, but only on the condition that in-house counsel shall review and inspect ATTORNEYS' EYES ONLY documents at the law offices of outside counsel for the receiving party.  Outside counsel shall not transmit electronic or hard copies of ATTORNEYS' EYES ONLY documents to in-house counsel, and in no event shall in-house counsel maintain copies of ATTORNEYS' EYES ONLY documents at their own offices or at the premises of their client.

**(3)   Producing Party.**  The producing party and employees of the producing party.

    **(4)**  **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

    **(5)**  **Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsels for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

    **(6)**  **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

  (d)  **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one (1) year after dismissal of the action, the entry of final judgment, and/or the conclusion of any appeals arising therefrom.

  (e)  **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY under this Order, or any individual portion of such documents, shall

be affixed with the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY" if the phrase does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of documents provided these indices, electronic databases, or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

      (f)    **Inadvertent Production.**

           (1)    If a party inadvertently discloses any information without designating it as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY," but later determines that it should be so designated and informs the receiving party thereof in writing, the information shall thereupon be treated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY, and the receiving party shall immediately make prompt and reasonable efforts to protect the information and retrieve it from any person not entitled to receive it under Paragraphs 7(b) or (c), as applicable. The receiving party may challenge the producing party's late designation of the information, but shall take no further action inconsistent with the designation until the challenge is resolved. If the receiving party does not challenge the late designation, or if its challenge is unsuccessful, the receiving party shall mark or stamp the information "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY" in accordance with the disclosing party's designation or otherwise request the disclosing party to provide properly designated replacement documents.

           (2)    If a party inadvertently discloses any information protected by the attorney-client privilege or work-product doctrine and informs the receiving party thereof in writing

about the inadvertent disclosure, the receiving party shall immediately make prompt and reasonable efforts to protect the information and retrieve it from any person not entitled to receive it and shall return the information immediately to the producing party. The receiving party may challenge the producing party's claim that the information is legally privileged and/or confidential, but shall take no further action inconsistent with the designation until the challenge is resolved. Inadvertent disclosure shall not be considered a waiver of the attorney-client privilege or work-product doctrine.

8. **Filing of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY Documents Under Seal.** The Court highly discourages the manual filing of any pleadings or documents under seal. To the extent that a brief, memorandum or pleading references any document marked as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information.

(a) Before any document marked as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY is filed under seal with the Clerk, the filing party shall first consult with the party that originally designated the document as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal.

(b) Where agreement is not possible or adequate, before a CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY document is filed with the Clerk, it shall be placed in a sealed envelope marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER DOCUMENTS" or "CONFIDENTIAL ATTORNEYS' EYES ONLY

DOCUMENTS – SUBJECT TO PROTECTIVE ORDER" displaying the case name, docket number, a designation of what the document is, the name of the party on whose behalf it is submitted, and name of the attorney who has filed the documents on the front of the envelope. A copy of any document filed under seal shall also be delivered to the judicial officer's chambers.

        (c)    To the extent that it is necessary for a party to discuss the contents of any confidential information in a written pleading, then such portion of the pleading may be filed under seal with leave of Court. In such circumstances, counsel shall prepare two versions of the pleadings, a public and a confidential version. The public version shall contain a redaction of reference to CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY documents. The confidential version shall be a full and complete version of the pleading and shall be filed with the Clerk under seal as above. A copy of the unredacted pleading also shall be delivered to the judicial officer's chambers.

        (d)    If the Court or a particular judicial officer has developed an alternative method for the electronic filing of documents under seal, then the parties shall follow this alternative method and shall not file any documents or pleadings manually with the Clerk of Court.

9**.**    **Challenges by a Party to Designation as Confidential.**  Any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY designation is subject to challenge by any party or non-party with standing to object (hereafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY designation as to any documents subject to the objection,

the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

10. **Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY shall be made by motion under Local Rule 7.2 and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

11. **Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of the trial by identifying the documents or information at issue as specifically as possible (*i.e.*, by Bates number, page range, deposition transcript lines, etc.). The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12. **Obligations on Conclusion of Litigation.**

(a) **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

      (b)    **Return of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER and ATTORNEYS' EYES ONLY Documents.** Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, or thereafter upon request of the opposing party, all documents treated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY under this Order, including copies as defined in ¶ 5(e), shall be destroyed and, to the extent reasonably practicable, permanently deleted from the receiving party's computer(s) and/or network and/or any other electronic storage location(s) to which the receiving party has access; provided however that such destruction is not necessary if the document has been offered into evidence or filed without restriction as to disclosure.  Notwithstanding the foregoing, counsel may retain court filings and attorney work product, including an index which refers or relates to information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY. Counsel has a continuing obligation to preserve the confidentiality of any such information.

      (c)    **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

    13.    **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.  Motions to modify this Order shall be served and filed under Local Rule 7.2 and the presiding judge's standing orders or other relevant orders.

14.     **No Prior Judicial Determination.**    This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

15.     **Persons Bound.**  This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

**IT IS SO ORDERED this** 22nd day of December, 2009**.**

*/s/ Brian S. Miller*
**UNITED STATES DISTRICT JUDGE**

|  |  |
|---|---|
| **WE SO STIPULATE:** | **WE SO STIPULATE:** |
| /s/ Dennis R. Rose | /s/ Christina Hull Eikhoff |
| Dennis R. Rose, Esq. | Christina Hull Eikhoff, Esq. |
| Jason S. Veloso, Esq. | |
| | |
| HAHN LOESER & PARKS LLP | ALSTON & BIRD LLP |
| 200 Public Square, Suite 2800 | 1201 West Peachtree Street |
| Cleveland, Ohio  44114 | Atlanta, Georgia  30309-3424 |
| (216) 621-0150 | (404) 881-7000 |
| drrose@hahnlaw.com | Christy.Eikhoff@alston.com |
| jveloso@hahnlaw.com | |
| | |
| /s/ Benecia B. Moore | /s/ William A. Waddell, Jr. |
| Steven W. Quattlebaum, Esq. | William A. Waddell, Jr., Esq. |
| Benecia B. Moore, Esq. | |
| | |
| QUATTLEBAUM, GROOMS, | FRIDAY, ELDREDGE & CLARK, LLP |
|   TULL & BURROW PLLC | 400 West Capitol Avenue, Suite 2000 |
| 111 Center Street, Suite 1900 | Little Rock, Arkansas  72201 |
| Little Rock,  Arkansas  72201 | (501) 370-1510 |
| (501) 379-1700 | waddell@fec.net |
| squattlebaum@qgtb.com | |
| bmoore@qgtb.com | |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| *Delta Natural Kraft LLC* | *Graphic Packaging International, Inc.* |

# ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| DELTA NATURAL KRAFT, LLC, | ) | CASE NO. 5:09CV0217BSM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ACKNOWLEDGMENT AND** |
| GRAPHIC PACKAGING | ) | **AGREEMENT TO BE BOUND** |
| INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of Arkansas in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

**Name:** _____
**Job Title:** _____
**Employer:** _____
**Business Address:** _____
_____
_____

**Date:** _____   _____
            **Signature**